UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

AUDREE PACHURA,

                            Plaintiff,                    6:21-cv-316
                                                                                 (AMN/MJK)

v.

PETE HEGSETH,[1]

                            Defendant.

---

**APPEARANCES:**                                                 **OF COUNSEL:**

**LAW OFFICE OF PATRICK SORSBY**           **PATRICK SORSBY, ESQ.**
40 Colvin Ave., Suite 203
Albany, NY 12206
*Attorneys for Plaintiff*

**UNITED STATES ATTORNEY**                  **KAREN F. LESPERANCE, ESQ.**
**FOR THE NORTHERN DISTRICT OF**        **C. HARRIS DAGUE, ESQ.**
**NEW YORK**
James T. Foley U.S. Courthouse
445 Broadway, Room 218
Albany, NY 12207-2924
*Attorneys for Defendant*

**UNITED STATES ATTORNEY**                    **FORREST T. YOUNG, ESQ.**
**FOR THE NORTHERN DISTRICT OF**
**NEW YORK**
100 S. Clinton Street – Suite 900
Syracuse, NY 13261
*Attorneys for Defendant*

**Hon. Anne M. Nardacci, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

---

[1] Secretary Pete Hegseth is now the appropriate Defendant in this case. The Clerk is directed to update the docket accordingly.

**I.      INTRODUCTION**

On March 21, 2021, Audree Pachura ("Plaintiff") commenced this official-capacity suit against the U.S. Secretary of Defense alleging Title VII employment discrimination claims. *See* Dkt. No. 1. On October 21, 2021, Plaintiff filed an Amended Complaint. *See* Dkt. No. 22. Defendant moved for summary judgment. *See* Dkt. No. 52. The Court granted the motion and entered judgment. *See* Dkt. Nos. 60, 61.

Presently before the Court is Defendant's motion for a Bill of Costs pursuant to Rule 54(d) of the Federal Rules of Civil Procedure ("Rule 54(d)"), seeking a total of $6,803.20 in costs associated with defending this action. *See* Dkt. No. 62 ("Motion"). The Motion is unopposed.

For the reasons set forth below, Defendant's Motion is granted.

**II.     STANDARD OF REVIEW**

Rule 54(d)(1) provides that "costs other than attorney's fees should be allowed . . . to the prevailing party unless the court directs otherwise." *Sacco v. Daimler Chrysler Corp.*, No. 05-cv-1435, 2008 WL 2858652, at *1 (N.D.N.Y. July 22, 2008) (alteration in original) (citation omitted). The costs that may be awarded to a prevailing party are set forth in 28 U.S.C. § 1920 ("Section 1920"). *See Gallagher v. IBEW Local Union No. 43*, No. 00-cv-1161, 2008 WL 5191691, at *1 (N.D.N.Y. Dec. 10, 2008). Section 1920 states, in relevant part:

> A judge or clerk of any court of the United States may tax as costs the following:
>
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.

In civil litigation, awarding costs to the prevailing party is the rule—not the exception. *See Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016). Therefore, "the losing party has the burden to show that costs should not be imposed; for example, costs may be denied because of misconduct by the prevailing party, the public importance of the case, the difficulty of the issues, or the losing party's limited financial resources." *Id.* (citations omitted). "The decision to award costs to a prevailing party under Rule 54(d)(1) rests within the sound discretion of the district court." *McEachin v. Goord*, No. 01-cv-0259, 2007 WL 1571981, at *1 (N.D.N.Y. May 25, 2007) (citation omitted).

### III. DISCUSSION

Defendant seeks $6,803.20 in costs relating to deposition transcripts and exemplification and copying fees. *See* Dkt. No. 62. Plaintiff has not opposed the Motion or objected to any of the costs included.

#### A. Transcript Fees

Defendant requests $4,318.55 in fees for transcripts of fact witness depositions, including depositions of plaintiff and eight former or current employees of Defendant. Dkt. No. 62-1 at ¶¶ 4–20. Each transcript was used in support of Defendant's motion for summary judgment. *Id.*; *see generally* Dkt. No. 52. As a general matter, "the reasonable costs of transcribing depositions are properly taxed in favor of the prevailing party." *Green v. Venettozzi*, No. 14-cv-1215, 2019 WL 4508927, at *1 (N.D.N.Y. Sept. 19, 2019) (citation omitted); *see also Amash v. Home Depot U.S.A., Inc.*, No. 1:12–cv–837, 2015 WL 4642944, at *3 (N.D.N.Y. Aug. 4, 2015) (granting motion and awarding costs for deposition transcripts where "deposition transcripts were used on a motion

for summary judgment"). Defendant's request for costs in the amount of $4,318.55 for these necessary transcript fees is thus granted.[2]

### B. Exemplification and Copying Fees

Defendant requests $2,484.65 in fees for exemplification and copying related to certain medical records, which Defendant argues were necessary to assess the injuries and damages alleged in the complaint. Dkt. No. 62-1 at ¶¶ 21-25; *see also* Guidelines § II(H)(1)(g); *Encarnacion v. Spinner*, No. 15-cv-1411, 2023 WL 2785745, at *7 (N.D.N.Y. Apr. 5, 2023) (noting that "[c]ourts interpret [28 U.S.C. § 1920(4)] to include photocopying charges for discovery" (alterations in original) (quoting *Green*, 2019 WL 4508927, at *2)). Courts have described costs for copies of medical records as "routine out-of-pocket expenses." *Reiter v. Maxi-Aids, Inc.*, 14 CV 3712 (SJF) (GRB), 2019 WL 1641306, at *7 (E.D.N.Y. Apr. 16, 2019). Moreover, this Court has no reason to believe that these expenses "were not necessarily incurred." *McHale v. Westcott*, Civ. A. No. 93–CV–915, 1995 WL 708678, at *2 (N.D.N.Y. Nov. 27, 1995). Thus, Defendant has "provided sufficient information regarding the purpose of the copies" and the Court finds that they are necessary in this case. *Spinner*, 2023 WL 2785745, at *7 (quoting *Green*, 2019 WL 4508927, at *2). Defendant's request for costs in the amount of $2,484.65 for exemplification and copying fees is thus granted.

### IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Defendant's Motion, Dkt. No. 62, is **GRANTED** and Defendant is awarded $6,803.20 in costs; and the Court further

---

[2] *See United States District Court for the Northern District of New York Guidelines for Bills of Costs* ("Guidelines") § II(D)(1)(c), (f), https:www.nynd.uscourts.gov/sites/nynd/files/Guidelines_Bill_of_Costs_091021.pdf (last visited August 14, 2025).

**ORDERS** that the Clerk serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: August 18, 2025
       Albany, New York

_____
Anne M. Nardacci
U.S. District Judge